**Jill EMANUEL, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 273, EDINA SCHOOL DISTRICT, Respondent.**

No. C0–00–147.

Court of Appeals of Minnesota.

Aug. 8, 2000.

Review Denied Oct. 17, 2000.

William F. Garber, Debra M. Corhouse, Education Minnesota, St. Paul, for relator.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Paul C. Ratwik, Amy E. Mace, Ratwik, Roszak & Maloney, P.A., Minneapolis, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, AMUNDSON, Judge, and HUSPENI, Judge.

## OPINION

DORIS OHLSEN HUSPENI, Judge.*

Relator Jill Emanuel challenges by writ of certiorari the decision of the school board of Independent School District No. 273 to terminate her position with the district and its failure to offer her a continuing contract position. Because the school board's interpretation of the law is not erroneous, we affirm.

## FACTS

Relator Jill Emanuel was employed by Independent School District No. 273 ("the school district") as a probationary teacher from 1979–81. Under then-existing law, she completed the statutory probationary period at the end of the 1980–81 school year and attained continuing contract status. Rather than accept a continuing contract with the school district, however, she submitted a letter of resignation and moved to another state. She made no reservation of a right to return to the school district.

In 1992, Emanuel returned to the area and began working as a casual substitute for the school district. In April 1998, she was hired as a long-term substitute for a teacher on medical leave. Emanuel continued in this position to the end of that school year, and returned as a long-term substitute in the same position for the 1998–99 and 1999–2000 school years. The permanent teacher remained on medical leave during this entire time.

Minn. Const. art. VI, § 10.

In September 1999, Emanuel sought to clarify her contract status with the school district. The director of human resources acknowledged in a memorandum to Emanuel that she had completed her probationary period through her employment in 1979–81 and that the full year of substitute teaching in 1998–99 had completed any other required probationary period. The director noted that, were Emanuel offered and if she accepted a continuing contract position, she would have immediate continuing contract status, with no further probationary period.

The permanent teacher died on October 6, 1999. The school district advertised for applicants to fill the now-vacant permanent position. Emanuel applied for this and another position, but on November 30, 1999, she learned that she would not be hired. Her long-term substitute contract terminated on December 17, 1999, when the permanent hire assumed the position.

Emanuel sought a writ of certiorari, alleging that she had been wrongfully terminated and asking for a determination that she held a continuing contract with the school district. In a February 4, 2000 order, this court asked the parties to brief the issue of jurisdiction. After briefing, this court issued an order on March 8, 2000, concluding that Emanuel had petitioned the court in a timely fashion and that the writ of certiorari should proceed.

## ISSUE

Did relator become a continuing contract teacher upon completing a probationary period and a full year of long-term substitute teaching, although not offered a continuing contract with the school district?

1. "Continuing contract status," or tenure, means that a teacher may be terminated only on certain grounds and only after certain procedural requirements are met. Minn.Stat. § 122A.40, subd. 7 (1998). Unless these well-defined conditions are met, a continuing contract is deemed to remain in force. *Id.*

## ANALYSIS

### 1. Continuing Contract Status

■ In applying the proper standard of review, this court must determine whether the school board's action was fraudulent, arbitrary, unreasonable, unsupported by substantial evidence, not within its jurisdiction, or based on an error of law. *Foesch v. Independent Sch. Dist. No. 646,* 300 Minn. 478, 485, 223 N.W.2d 371, 375 (1974).

Emanuel alleges that the school district erroneously interpreted the law and in so doing denied her the due process rights to which she was entitled prior to her termination. She argues that because she successfully completed a probationary period in the school district in 1981, she became a continuing contract teacher [1] upon her hire as a long-term substitute in 1998. Alternatively, she argues that after completing a full year as a long-term substitute, she attained continuing contract status under Minn.Stat. § 122A.44 (1998). Our review of the record and the applicable statutes convinces us that neither of Emanuel's theories has merit.

In 1981, teachers were granted continuing contract status after completion of a probationary period of two years of teaching in a single school district. Minn.Stat. § 125.12, subds. 3, 4 (1980).[2] Emanuel completed her probationary period, but resigned and left the state prior to accepting a continuing contract with the district; she expressed no intention to return. A written resignation by a teacher terminates a continuing contract. Minn.Stat. § 125.12, subd. 4 (1980). The current statute, Minn. Stat. § 122A.40, subd. 7 (1998), contains substantially identical language.

■ Emanuel's hire as a long-term substitute occurred almost 17 years after her

2. The current statute requires three consecutive years of teaching in a single district. Minn.Stat. § 122A.40, subd. 5 (1998).

resignation. Under current law, a probationary period of one year is required in each subsequent district where a teacher who has completed a three-year probationary period is employed. Minn.Stat. § 122A.40, subd. 5 (1998).[3] A preliminary, nondeterminative question is whether Emanuel was required to fulfill the additional one-year probationary period under the statute, despite the fact that she taught in the same school district in both the 1980–81 and the 1998–99 periods.

The requirement of an additional year of probation in subsequent school districts undoubtedly allows the new district an opportunity to evaluate the skills of the teacher before committing itself to a continuing contract. It is reasonable to apply this rationale to Emanuel. After an absence of 17 years, the school district should be allowed to evaluate the skills of a teacher candidate before committing to a continuing contract, particularly when it has had no prior continuing contract with her. The facts of this case are distinguishable from those where the teacher returned after an absence, but had worked under a continuing contract with the school district and had made a reservation of the right to return. *See, e.g., Lucio v. Independent Sch. Dist. No. 625*, 574 N.W.2d 737, 738–39, 742 (Minn.App.1998) (teacher with 15 years of experience with district did not explicitly waive tenure rights by failing to return after leave of absence), *review denied* (Minn. Apr. 30, 1998); *Mohn v. Independent Sch. Dist. No. 697*, 471 N.W.2d 723, 727 (Minn.App.1991) (former tenured principal successfully reserved tenure rights to principal position, despite resignation from teacher position), *review denied* (Minn. Aug. 29, 1991).

■ In the case of a substitute teacher, each full school year during which the teacher is employed by a district [as a long-term substitute] shall be deemed one year of the teacher's probationary

period of employment pursuant to * * * section 122A.40, subdivision 5 * * *. The teacher shall be eligible for continuing contract status pursuant to section 122A.40 * * * after completion of the applicable probationary period.

Minn.Stat. § 122A.44, subd. 2(b) (1998). Thus, assuming for the sake of further analysis that Emanuel was required to complete an additional one-year probationary period, there is no doubt that after substituting for the entire 1998–99 school year, she had met the probationary requirements of Minn.Stat. § 122A.40, subd. 5.

■ The question remains, however: is there a difference between being *eligible* for continuing contract status and *attaining* that status? We note initially that the purpose of the tenure act is

[to provide] stability, certainty, and permanency of employment on the part of those who had shown by educational attainment and by probationary trial their fitness for the teaching profession.

*McSherry v. City of St. Paul*, 202 Minn. 102, 108, 277 N.W. 541, 544 (1938). Balanced against this purpose is the "need to allow the school board enough latitude to administer effectively the operation of the public schools." *Hudson v. Independent Sch. Dist. No. 77*, 258 N.W.2d 594, 597 (Minn.1977).

Although no case has directly interpreted the meaning of "eligible" in Minn.Stat. § 122A.44, subd. 2(b), *Hudson* provides insight. In *Hudson*, a teacher previously tenured in one district moved to a second district, where she worked as a long-term substitute for more than two years, covering two medical leaves. *Id.* at 595. After being offered a third year of long-term substitute work, she sought to clarify her contract status. Although the issue before the court was interpretation of Minn.Stat. § 123.35, subd. 5 (1976) (now Minn.Stat.

---

**3.** The requirements for cities of the first class, which are not at issue here, are different.

Minn.Stat. § 122A.41 (1998).

§ 122A.44, subd. 2(b) (1998)), to determine whether a substitute could be hired for longer than a one-year period, the court concluded that a substitute could be hired for more than one year to replace teachers on leave and could be so hired without acquiring continuing contract status. *Id.* at 597. The court noted that the board needed to maintain flexibility, which it could not do if it ran into tenure requirements when filling a temporary vacancy. *Id.*

In *Minneapolis Federation of Teachers v. Minneapolis Special Sch. Dist. No. 1,* 270 N.W.2d 773, 775–76 (Minn.1978), a case decided shortly after *Hudson,* a teacher had worked as a long-term substitute, followed by two years as a regular probationary teacher. The court concluded that the three-year probationary period had been completed and the teacher had continuing contract status. *Id.* at 776. The court also distinguished *Hudson,* where there had been shifting long-term substitutions in subsequent years, and specifically reaffirmed the validity of *Hudson. Id.*

The holdings of *Hudson* and *Minneapolis Federation of Teachers* were codified by amendment of Minn.Stat. § 123.35, subd. 5. *See* 1980 Minn. Laws ch. 609, art. VI, § 16. That statute, which is essentially identical to the current Minn.Stat. § 122A.44, subd. 2(b), permitted use of substitutes for longer than a one-year period of time, if replacing a regular teacher on leave, but also explicitly stated that each full year of substitute teaching would count toward the probationary period.

The language of the amended and current statutes, however, perpetuates the question of what is meant by "eligible." Contrary to Emanuel's argument that "eligible" equates with having a continuing contract, the school district insists that "eligible" means that, should a contract be offered and accepted, the candidate has immediate tenure rights. The position of the school district is persuasive.

In interpreting statutes, if the words are clear, the court "must give effect to the plain meaning of the language." *Ullom v. Independent Sch. Dist. 112,* 515 N.W.2d 615, 617 (Minn.App.1994) (citation omitted). Minn.Stat. § 122A.44, subd. 2(b) provides that a teacher "shall be eligible for continuing contract status * * * after completion of the applicable probationary period." We conclude that consistent with the policy considerations underlying the substitute statute, which ensure flexibility for the school district while protecting against abusive hiring practices, "eligible" is not synonymous with "attain."

The issue of use of long-term substitutes and their status is a recurring one. Generally, when a school district has sought to circumvent the tenure law by using long-term substitute contracts, courts have affirmed continuing contract rights. *See, e.g., Perry v. Independent Sch. Dist. No. 696,* 297 Minn. 197, 207, 210 N.W.2d 283, 290 (1973) (no waiver of continuing contract rights where teacher offered no option but limited contract because of school board intention not to confer tenure on married female teachers); *Flaherty v. Independent Sch. Dist. No. 2144,* 577 N.W.2d 229, 234 (Minn.App.1998) (where school district fails to follow statutory requirement of written contract, its failure to comply cannot be used to teacher's disadvantage), *review denied* (Minn. June 17, 1998).

There is no evidence in the record before us, however, that suggests the school district was attempting either to circumvent the continuing contract law or to abuse the long-term substitute statute. Emanuel was hired to replace a teacher on medical leave; a teacher who, it was hoped and expected, would return to her tenured position, one temporarily being filled by Emanuel. Emanuel was not shunted from assignment to assignment to prevent her from acquiring continuing contract status. When the continuing contract teacher died, Emanuel applied for the position; when another teacher was hired for that posi-

tion, Emanuel applied for the then-vacant position. Emanuel's actions were entirely consistent with the interpretation of "eligible" we reach here. Consistent, also, is the acknowledgment of the school district that, should Emanuel be offered and accept a continuing contract position, she then will have immediate continuing contract status.

Finally, there is merit to the school district's observation that accepting the interpretation of "eligible" urged by Emanuel would effectively prohibit school districts from ever hiring as long-term substitutes individuals who have completed their probationary periods; such hiring would automatically confer upon those individuals continuing contract status. To avoid such consequences, the school district would be compelled to hire as long-term substitutes only less experienced teachers who had not completed (and would not complete during the time of their employment) required probationary periods. We conclude that under the most reasonable interpretation of "eligible," Emanuel cannot attain continuing contract status without first being offered and accepting a continuing contract by the school district.

## 2. Jurisdiction

■ The school district raised the issue of jurisdiction in its brief, alleging the writ of certiorari is improper because no quasi-judicial determination had been made. The question of jurisdiction is subject to de novo review without deference to a lower court. *See Minnesota Center for Environmental Advocacy v. Metropolitan Council*, 587 N.W.2d 838, 842 (Minn.1999). By order issued March 8, 2000, however, this court considered this issue and ruled that the writ of certiorari is timely and an appropriate vehicle for this appeal. We decline to disturb this ruling.

### DECISION

■ The school board's interpretation of Minn.Stat. § 122A.44, subd. 2(b) (1998), is not erroneous. A teacher who has other-

wise fulfilled the probationary requirements and who is acting as a long-term substitute is eligible for, but does not have, continuing contract status, until the teacher is offered and accepts a continuing contract position.

**Affirmed.**

