**Robert THOMAS, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 2142, St. Louis County, Minnesota, Respondent.**

**No. C7–01–1208.**

Court of Appeals of Minnesota.

Feb. 26, 2002.

Christina L. Clark, Education Minnesota, St. Paul, MN, for relator.

John M. Colosimo, Carla J. Lindell, Colosimo, Patchin, Aronson, Kearney, Lindell & Brunfelt, Ltd., Virginia, MN, for respondent.

Joseph E. Flynn, Jennifer K. Anderson, Knutson, Flynn & Deans, P.A., Mendota Heights, MN, amicus curiae for Minnesota School Boards Association.

Considered and decided by HARTEN, Presiding Judge, ANDERSON, Judge, and STONEBURNER, Judge.

## OPINION

HARTEN, Judge.

Relator, a teacher who was rehired immediately after voluntary retirement, challenges by writ of certiorari the school board's determination that he did not have continuing contract status. Because relator's continuing contract status was terminated by his retirement, we affirm.

## FACTS

In 1980, respondent Independent School District 2142 hired relator Robert Thomas as a math teacher.[1] In 1983, relator completed his three-year probationary period and became eligible for continuing contract status, which he attained when he was offered and accepted his next contract. In November 2000, relator notified respondent of his intent to retire on December 22, 2000, the last school day before the winter vacation. Respondent posted the vacancy to be created by relator's retirement, and relator applied to fill the position. Relator began teaching again on January 2, 2001, the first school day after winter vacation.

The following day, relator received a memo from the district superintendent, which said in relevant part:

> [T]he position for which you are being hired for [sic] will be made available as a vacancy on Transfer Day in April assuming the position remains on the master schedule—in accord with our

---

1. The school district covers a large geographic area around Virginia, Minnesota, and does not include a city of the first class.

contract. Thus your position will be terminated May 31, 2001.

[Y]ou will be considered a probationary teacher in accord with statute and master agreement for the remainder of the current school year. Assuming that a position is available in 01–02 and you are hired for that position, you would be tenured effective 01–02 school year. Your seniority date shall be January 2, 2001.

[Y]ou will access all benefits accorded a new hire probationary teacher effective January 2, 2001.

On January 5, 2001, relator received from the superintendent and signed a document entitled "Notice of Assignment, Long Term Substitute Assignment." At a meeting on January 8, 2001, respondent approved relator's employment as a probationary teacher. Relator did not oppose either his own classification as "probationary" or the classification of his teaching assignment as "long term substitute."

In May 2001, respondent passed a resolution referring to relator as a probationary teacher and indicating that relator's contract would not be renewed. After relator was notified of this decision, he petitioned this court for a writ of certiorari.[2]

## ISSUE

Does a retired teacher have continuing contract rights if he is rehired?

## ANALYSIS

■ Determination of a teacher's employment status involves interpretation of the applicable statutes, which is a legal issue fully reviewable by the appellate courts. *Flaherty v. Ind. Sch. Dist. No.*

*2144*, 577 N.W.2d 229, 233 (Minn.App. 1998), *review denied* (Minn. June 17, 1998).

■ The issue before us is of particular significance in light of the need for qualified and experienced teachers. The legislature has recognized that retired teachers are a valuable resource for meeting this need.

Resumption of teaching service after retirement. (a) Any person who retired under the provisions of this chapter and has thereafter resumed teaching in any employer unit to which this chapter applies is eligible to continue to receive payments in accordance with the annuity * * *.

Minn.Stat. § 354.44, subd. 5 (2000). By providing for the rehiring of retired teachers, the legislature enabled teachers to retire when it is financially advantageous for them to do so and enabled school districts to rehire them when their services are needed.

■ Relator contends, however, that the legislature required that rehired teachers be rehired only with continuing contract status. We disagree. The relevant statutes do not support this construction. First, although section 354.44, subdivision 5, refers to retired teachers' continuing payment rights, it says nothing about continuing contract rights. Courts cannot add to a statute "what the legislature purposely omits or inadvertently overlooks." *Ullom v. Ind. Sch. Dist. No. 112*, 515 N.W.2d 615, 617 (Minn.App.1994) (citation and internal quotation omitted). Therefore, we cannot add to section 354.44, subdivision 5, a provision that a retired teacher who resumes teaching has a continuing contract right.

---

**2.** We note that, contrary to respondent's argument, relator properly sought review of the decision in this court. *See Dokmo v. Ind. Sch. Dist. No. 11*, 459 N.W.2d 671, 673 (Minn.

1990) ("[T]he proper and only method of appealing school board decisions on teacher related matters is by writ of certiorari.").

Moreover, such a requirement would deter, if not preclude, school districts from rehiring their retired teachers. Even if retired teachers "started over" at the bottom of the seniority list, they would still be superior to probationary teachers, who are not yet on the list and who would have a reduced chance of becoming listed. School districts would find it more difficult to recruit new teachers, a difficulty that could outweigh the benefits of hiring retired teachers.

Although the case before us is a case of first impression, *Emanuel v. Ind. Sch. Dist. No. 273*, 615 N.W.2d 415 (Minn.App. 2000), *review denied* (Minn. Oct. 17, 2000), addressed a similar issue. There, a long-term substitute teacher argued that she had continuing contract status because she had completed the probationary period and Minn.Stat. § 122A.44, subd. 2(b) (1998), provided that substitute teachers were "eligible for continuing contract status * * * after completion of the applicable probationary period." *Id* at 418. This court noted that

> accepting the interpretation of "eligible" urged by [the teacher] would effectively prohibit school districts from ever hiring as long-term substitutes individuals who have completed their probationary periods; such hiring would automatically confer upon those individuals continuing contract status. * * * We conclude that under the most reasonable interpretation of "eligible," [a substitute teacher] cannot attain continuing contract status without first being offered and accepting a continuing contract by the school district.

*Id.* at 420. Analogously, if school districts could not hire retired teachers without thereby immediately returning them to continuing contract status, "retirement" would be illusory: "retired" teachers would be able to bump less-senior "permanent" teachers.

Like the teacher in *Emanuel*, relator argues that, because he completed his probationary period, he has a right to a continuing contract. He attempts to distinguish *Emanuel* by arguing that his post-retirement teaching was a continuing contract position, not a long-term substitute position. But two documents in the record refute this argument. First, relator signed the "Notice of Assignment, Long Term Substitute Assignment" given him by the superintendent. Second, the superintendent's memo clearly advised relator that he did not have continuing contract rights by virtue of his post-retirement teaching from January to May 2001, that his status during that period was "probationary," and that he would re-attain continuing contract status, if he were hired for a continuing contract position in 2001–2002. This comports with *Emanuel*'s holding that a long-term substitute who has completed probation attains a continuing contract right only after being offered and accepting a continuing contract position.

Relator attempts to distinguish *Emanuel* on statutory grounds. He argues that the statute in that case, Minn.Stat. § 122A.44, subd. 2(b) (1998), provided that substitute teachers who had completed the probationary period were "eligible for" continuing contracts, while the statute relevant to him, Minn.Stat. § 122A.40, subd. 7 (2000), provides that teachers who have completed the probationary period "shall have" a continuing contract. But relator's argument ignores the next sentence in the statute: "Thereafter, the teacher's contract must remain in full force and effect, * * * until terminated by * * * the written resignation of the teacher * * *." Relator indisputably terminated his continuing contract right when he resigned, and

no statute provides that a teacher who has terminated his continuing contract right by resigning reactivates them by resuming teaching.

Nor does caselaw does support relator's position. The four cases on which he relies are readily distinguishable. *See Washington v. Ind. Sch. Dist. No. 625*, 590 N.W.2d 655, 660 (Minn.App.1999) (concerns tenure requirements of school districts in cities of the first class for teachers who are already tenured in another district); *Lucio v. Bd. of Ind. Sch. Dist. No. 625*, 574 N.W.2d 737, 742 (Minn.App.1998) (concerns the tenure requirements for a principals who had already completed the probationary period as a school counselor); *Flaherty*, 577 N.W.2d at 236 (concerns whether an employee who did 79 hours of nonsubstitute teaching during a school year could count the year as probationary), *review denied* (Minn. Apr. 30, 1998); and *Mohn v. Ind. Sch. Dist. No. 697*, 471 N.W.2d 723, 724 (Minn.App.1991) (concerns a tenured principal who was bumped to a teaching job, resigned to work as a principal in another district, and sought reinstatement as a principal in the first district), *review denied* (Minn. Aug. 29, 1991).

## DECISION

Neither statute nor caselaw supports relator's view that he resumed his pre-retirement continuing contract right by post-retirement teaching.

**Affirmed.**