**Steven MONTPLAISIR, Relator,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 23, Frazee–Vergas, Minnesota, Respondent.**

No. A09–1047.

Court of Appeals of Minnesota.

March 16, 2010.

Rebecca H. Hamblin, Education Minnesota, St. Paul, MN, for relator.

Kevin J. Rupp, Erin E. Ische, Ratwik, Roszak & Maloney P.A., Minneapolis, MN, for respondent.

Considered and decided by LANSING, Presiding Judge; HALBROOKS, Judge; and RANDALL, Judge.

## OPINION

RANDALL, Judge.[*]

In this certiorari appeal from a decision of respondent Independent School District No. 23 not to renew his teaching contract, relator Steven Montplaisir argues that the district erroneously subjected him to an additional one-year probationary period when he had previously attained continuing-contract status in the district, resigned, and was rehired. We conclude that the additional one-year probationary period applies to relator. Affirmed.

## FACTS

■ The relevant facts are undisputed. Relator was initially employed as a teacher by respondent school district from the 2000—01 school year through the 2006—07 school year. He attained continuing-contract status [1] in the district on July 1, 2004, after his third consecutive year of teaching in the district.

Relator submitted his written resignation to respondent dated July 26, 2007, which respondent accepted effective August 14, 2007. Relator taught in a different school district for the 2007—08 school year. Then respondent rehired relator for the 2008—09 school year. The employment contract, signed by relator on April 28, 2008, is silent on the issue of continuing-contract status, stating only that its duration is "subject to the provisions of M.S. 122A.40," and that "[t]hereafter [it] shall remain in full force and effect."

On April 13, 2009, the school board resolved that "the probationary teaching contract of [relator] is hereby non-renewed and his employment with [respondent] is hereby terminated effective at the end of the 2008—2009 school year." This certiorari appeal follows.

## ISSUE

Was the school board's decision not to renew relator's contract based on an error of law where the board interpreted Minn. Stat. § 122A.40, subd. 5(a), to require relator to complete an additional one-year probationary period before regaining eligibility for continuing-contract status?

## ANALYSIS

■ Relator challenges respondent's decision not to renew his contract, arguing that he had attained continuing-contract status in the district and could therefore be terminated only for cause after a hearing. This court will reverse a school board's decision to terminate an employee if, among other things, the decision is based on an error of law. *Dokmo v. Indep. Sch. Dist. No. 11*, 459 N.W.2d 671, 675 (Minn.1990).

Employment contracts between teachers and school districts not in cities of the first class are governed by Minn.Stat. § 122A.40 (2008). Teachers must be employed by written contract. Minn.Stat. § 122A.40, subd. 3. Teachers are initially subject to a probationary period, during which the school board may opt to renew or not renew a teacher's contract as it sees fit. *Id.*, subd. 5(a). After completion of the probationary period, the teacher is

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

[1]. Continuing-contract status under Minn.Stat. § 122A.40 (2008) is equivalent to tenure under the Teacher Tenure Act, Minn.Stat. § 122A.41 (2008). *Jurkovich v. Indep. Sch.*
*Dist. No. 708*, 478 N.W.2d 232, 233 n. 1 (Minn.App.1991) (referring to predecessor statutes). Section 122A.41 applies only to cities of the first class, while section 122A.40 expressly excludes them. Minn.Stat. §§ 122A.40, subd. 18, .41, subd. 2.

deemed to have a "continuing contract" with the district, which may only be terminated for cause after a hearing, or by the teacher's written resignation. *Id.*, subds. 7(a), 9; *see also Emanuel v. Indep. Sch. Dist. No. 273*, 615 N.W.2d 415, 417 (Minn. App.2000) ("A written resignation by a teacher terminates a continuing contract."), *review denied* (Minn. Oct. 17, 2000).

The statute that defines the probationary period reads as follows:

> The first three consecutive years of a teacher's first teaching experience in Minnesota in a single district is deemed to be a probationary period of employment, and after completion thereof, the probationary period in each district in which the teacher is thereafter employed shall be one year.

Minn.Stat. § 122A.40, subd. 5(a). Under the first part of this subdivision, the parties agree that, after a teacher completes three consecutive years in a single district, the teacher has completed his probationary period and is eligible for continuing-contract status. However, the parties disagree about the meaning of the portion of the subdivision that provides that "the probationary period in each district in which the teacher is thereafter employed shall be one year." Respondent argues that this clause means that a teacher who resigns his continuing-contract position in a school district, and is later rehired by the same district, must complete a new one-year probationary period. Relator argues that the one-year probationary period applies only to districts other than that in which the teacher completed his initial three-year probationary period.

■ This raises a question of statutory interpretation, which is an issue of law that we review de novo. *Auto Owners Ins. Co. v. Perry*, 749 N.W.2d 324, 326 (Minn.2008). Our primary objective in interpreting statutory language is to give effect to the legislature's intent. Minn.Stat. § 645.16 (2008). When the plain language of the statute is clear and free from all ambiguity, we must interpret the statute in conformance with the plain language. *Id.* But where a statute is ambiguous, we must turn to other means to discern the legislature's intent, and construe the statute to be consistent with that intent. *Auto Owners*, 749 N.W.2d at 326; *Tuma v. Comm'r of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn. 1986).

■■ We conclude that the plain meaning of the phrase "each district in which the teacher is thereafter employed" includes the district in which a teacher completed his three-year probationary period. This court may not supply "what the legislature purposely omits or inadvertently overlooks." *Flaherty v. Indep. Sch. Dist. No. 2144*, 577 N.W.2d 229, 235 (Minn.App. 1998) (quotation omitted), *review denied* (Minn. June 17, 1998). There is nothing in the plain language of the statute to suggest that a district should be excluded from the class of "each district" just because a teacher has previously completed a probationary period there. If the legislature had intended "each district" to mean "each different district" or "each other district," it would have said so. We have no authority to add such an exception on the legislature's behalf.

■ Even if the statute were ambiguous, we would reach the same conclusion. When interpreting an ambiguous statute, the court may consider, among other things, the purpose of the law and the consequences of a particular interpretation. Minn.Stat. § 645.16(4), (6). Section 244A.40 was enacted to protect teachers from arbitrary discharge, but "was not intended to place an unreasonable restriction on the powers which a school board must possess to effectively administer the operation of the public schools." *Keller v.*

*Indep. Sch. Dist. No. 742,* 302 Minn. 324, 328, 224 N.W.2d 749, 752 (1974) (addressing predecessor statute). The purpose of the probationary period is to provide an opportunity for the school district to evaluate the teacher's skills. *Flaherty,* 577 N.W.2d at 236. In a situation where a teacher resigns his continuing-contract post, teaches elsewhere for a period of time, and then chooses to return to the original district, it is reasonable for the district to want an opportunity to reevaluate its new hire's skills. It is commensurate with the purpose of the statute for the district to be allowed to do so. To conclude otherwise would have a chilling effect on a district's rehiring of its previous employees, whom the district would be obligated to employ without the benefit of a probationary period, while the district could hire teachers from other districts safe in the knowledge that it would have a year to evaluate them.

We may also examine former versions of a law in establishing the legislature's intent. Minn.Stat. § 645.16(5). The legislature first introduced a probationary period for teachers in districts outside cities of the first class in 1959. 1959 Minn. Laws 1st Spec. Sess. ch. 71, art. 6, § 12, at 1837; *see also* 1963 Minn. Laws ch. 450, § 1, at 665 (first using the term "probationary period"). The 1965 version of Minnesota Statutes provided that "[t]he first and second years of a beginning teacher's first teaching experience in Minnesota shall be deemed to be a probationary period of employment," during which the board could choose not to renew a teacher's contract as it saw fit. Minn.Stat. § 125.12, subd. 3 (1965).

The additional one-year probationary period for districts in which a teacher is "thereafter employed" was added in 1967. 1967 Minn. Laws ch. 890, § 1, at 1886. Under the 1967 version of Minnesota Statutes:

The first and second consecutive years of a teacher's first teaching experience in Minnesota in a single school district shall be deemed to be a probationary period of employment, and after completion thereof, the probationary period in each school district in which he is thereafter employed shall be one year.

Minn.Stat. § 125.12, subd. 3 (1967). The legislature also added the following proviso: "A teacher who has complied with the then applicable probationary requirements in a school district prior to July 1, 1967, shall not be required to serve a new probationary period in the said district subsequent thereto." *Id.* Under this new language, teachers who had already complied with the then-applicable probationary requirements in a given district prior to July 1, 1967, would not be required to complete the new, one-year probationary period in that district. We conclude now that a teacher is subject to the additional one-year probationary period if he resigns his continuing-contract position, but later returns to the same district in which he has already completed his initial three-year probationary period. Even if the phrase "each district in which the teacher is thereafter employed" were ambiguous (we do not conclude that it is), we conclude that the legislature intended it to include the district in which a teacher had previously completed his initial probationary period.

This interpretation is consistent with prior judicial decisions. In *Emanuel,* the teacher worked in the Edina School District from 1979—81, completing her initial probationary period under then-existing law at the end of the 1980—81 school year. 615 N.W.2d at 416. She then resigned and moved out of state, rather than accepting a continuing-contract position with the district. *Id.* Almost 17 years later, the teacher was rehired by the district as a long-term substitute for the 1998—99 school year. *Id.* Her long-term-substitute con-

tract terminated on December 17, 1999, when a permanent hire assumed the position. *Id.* at 417. In contesting her termination, the teacher argued, among other things, that because she successfully completed a probationary period in the school district in 1981, she became a continuing-contract teacher upon her hire as a long-term substitute in 1998. *Id.*

In addressing the question of whether the teacher was required to fulfill the additional one-year probationary period under the statute, even though she taught in the same school district in both the 1979—81 and the 1998—99 periods, this court noted that the purpose of the statute was undoubtedly to allow "the new district an opportunity to evaluate the skills of the teacher before committing itself to a continuing contract," and that it was "reasonable to apply this rationale" to the teacher in *Emanuel. Id.* at 418. The court also reasoned that "[a]fter an absence of 17 years, the school district should be allowed to evaluate the skills of a teacher candidate before committing to a continuing contract, particularly when it has had no prior continuing contract with her." *Id.* However, the court did not make a clear holding on this point, merely "assuming for the sake of further analysis that [the teacher] was required to complete an additional one-year probationary period" before deciding the case on different grounds. *Id.*

In *Thomas v. Independent School District No. 2142,* the teacher retired from his continuing-contract position with the district effective December 22, 2000. 639 N.W.2d 619, 620 (Minn.App.2002), *review denied* (Minn. May 14, 2002). He applied for and was hired to fill the vacancy created by his retirement, and resumed teaching in the district on January 2, 2001. *Id.* The district notified him that he was considered a probationary teacher, and the board resolved not to renew his contract in

May 2001. *Id.* at 621. The teacher argued that the termination was improper because retired teachers are necessarily rehired with continuing-contract status. *Id.*

Though it did not rely on section 122A.40, subdivision 5(a), this court concluded that the teacher did not resume his pre-retirement continuing-contract status when he was rehired. *Id.* at 623. The court reasoned that "if school districts could not hire retired teachers without thereby immediately returning them to continuing contract status, 'retirement' would be illusory: 'retired' teachers would be able to bump less-senior 'permanent' teachers," and would be superior to probationary teachers. *Id.* at 622. This would make it "more difficult to recruit new teachers, a difficulty that could outweigh the benefits of hiring retired teachers." *Id.*

Relator relies primarily on *Lucio v. Independent School District No. 625,* in which this court held that a teacher who had obtained tenure in the St. Paul School District as a school counselor was not required to complete a new probationary period upon his later rehire in that same district as a principal. 574 N.W.2d 737, 742 (Minn.App.1998), *review denied* (Minn. Apr. 30, 1998). Relator's reliance on *Lucio* is misplaced because it involved a district in a city of the first class, which is subject to a different statutory scheme than the school district in this case. Crucially, the probationary-period provision of the Teacher Tenure Act for cities of the first class does not provide for the additional one-year probationary period "in each district in which the teacher is thereafter employed" *that is at issue in this case. Compare* Minn.Stat. § 122A.41, subd. 2(a) (2008), *with* Minn.Stat. § 122A.40, subd. 5(a). Instead, section 122A.41, subdivision 2(a), merely states that teachers in cities of

the first class are deemed to be in a probationary period during their first three years of consecutive employment. The teacher in *Lucio* had completed his probationary period during his time as a school counselor, and nothing in the statute required him to complete a new probationary period when he was later rehired as a principal. *Lucio*, 574 N.W.2d at 742. In contrast, relator in this case is subject to section 122A.40, subdivision 5(a), which provides that "the probationary period in each district in which the teacher is thereafter employed shall be one year." *Lucio* is distinguishable.

█ Relator terminated the continuing contract he had with respondent when he submitted his written resignation. Upon being rehired under a new contract, he was subject to an additional one-year probationary period under section 122A.40, subdivision 5(a), and he was not protected by continuing-contract status when the school board opted not to renew his contract after that year. The school board's decision was not based on an error of law.

## DECISION

Relator was subject to an additional one-year probationary period upon his reemployment by respondent school district under Minn.Stat. § 122A.40, subd. 5(a). The school board's decision not to renew relator's contract was not based on an error of law.

**Affirmed.**