Steven **EMERSON**, Relator,

v.

**SCHOOL BOARD OF INDEPENDENT SCHOOL DISTRICT 199, Inver Grove Heights, Minnesota, Respondent.**

No. A09–1134.

Court of Appeals of Minnesota.

June 1, 2010.

Roger J. Aronson, Minneapolis, MN, for relator.

Margaret Skelton, Trevor S. Helmers, Ratwick, Roszak & Maloney, P.A., Minneapolis, MN, for respondent.

Considered and decided by BJORKMAN, Presiding Judge; KALITOWSKI, Judge; and MINGE, Judge.

## OPINION

MINGE, Judge.

Relator employee challenges respondent school district's decision to terminate and not renew his contract without a hearing, claiming that he completed three probationary years as a "teacher" and had continuing-contract rights under Minn.Stat. § 122A.40 (2008). We affirm.

## FACTS

In 2005, respondent Independent School District No. 199 (for the city of Inver Grove Heights) hired relator Dr. Steven Emerson as activities director. The job posting for this position described the duties as supervising and administering cocurricular activities and required that candidates "hold a principal licensure or be in the process of obtaining licensure." Emerson held a K–12 principal's license. Emerson was employed as activities director from 2005 to 2008—three school years.

Respondent hired Emerson as interim middle-school principal for the 2008–09 school year. Near the end of that year, respondent's school board voted to terminate and not renew Emerson's contract for the 2009–10 school year. The board did not conduct a hearing or afford Emerson rights of a continuing-contract employee.

Emerson filed a grievance, claiming he was entitled to continuing-contract rights. Respondent denied the grievance on the ground that Emerson did not complete three years as a probationary "teacher" under Minnesota Statutes section 122A.40 (2008). Further grievances were lodged and similarly rejected by respondent. This certiorari appeal follows.

## ISSUE

In Emerson's years as activities director, was he a "teacher" under the continuing-contract law, Minn.Stat. § 122A.40 (2008)?

## ANALYSIS

■ Under Minnesota law, employees completing three probationary years as a "teacher" achieve continuing-contract status. Minn.Stat. § 122A.40 (2008). Continuing-contract employees can only be terminated upon certain grounds and in accordance with certain procedural requirements. Minn.Stat. § 122A.40, subd. 7; *Emanuel v. Indep. Sch. Dist. 273*, 615 N.W.2d 415, 417 n. 1 (Minn.App.2000), *review denied* (Minn. Oct. 17, 2000). Whether Emerson, as activities director, was a "teacher" under section 122A.40 is a matter of law reviewed de novo. *Cloud v. Indep. Sch. Dist. No. 38*, 508 N.W.2d 206, 209 (Minn.App.1993).

We note at the outset the legal distinction between the terms "continuing-contract" and "tenure." The tenure statute applies to "teachers" of public schools located in first-class cities (i.e., cities with more than 100,000 residents). Minn.Stat.

§ 122A.41, subd. 2 (2008); *see* Minn.Stat. § 410.01 (2008) (defining cities of the first class). Rather than the term "tenure," the phrase "continuing contract" is used to identify the rights of certain employees of all other school districts. Minn.Stat. § 122A.40, subds. 7, 18. These teacher-protection statutes are intended to similarly apply. *Cloud,* 508 N.W.2d at 210–11. But when there is no ambiguity, they should not be read together. *Washington v. Indep. Sch. Dist. No. 625,* 590 N.W.2d 655 (Minn.App.1999). Because Inver Grove Heights is not a city of the first class, the continuing-contract statute applies in our case.

■ Whether an employee is a "teacher" qualifying for statutory-employment protections is one area where the tenure and continuing-contract statutes differ. *Cloud,* 508 N.W.2d at 210–11. The continuing-contract statute defines a "teacher" as "[a] principal, supervisor, and classroom teacher and any other professional employee required to hold a license from the state department." Minn.Stat. § 122A.40, subd. 1. The tenure statute, in contrast, defines a "teacher" as "every person regularly employed, as a principal, or to give instruction in a classroom, or to superintend or supervise classroom instruction, or as placement teacher and visiting teacher." Minn.Stat. § 122A.41, subd. 1(a). This distinction is important: only the continuing-contract statute definition unambiguously hinges on state licensure requirements. For this reason, Emerson's reliance on

caselaw applying the tenure statute is misplaced. *See Krueth v. Indep. Sch. Dist. 38,* 496 N.W.2d 829, 839 (Minn.App.1993) ("[A] license requirement is not determinative of whether the *tenure* laws apply to the position.") (emphasis added), *review denied* (Minn. Apr. 20, 1993).

Following the unambiguous language of section 122A.40, the relevant caselaw holds that Minnesota Department of Education (MDE) licensure requirements determine "teacher" status under the continuing-contract statute. *Cloud,* 508 N.W.2d at 210. In *Cloud,* this court concluded that, because an instructor of American Indian language was not required by the state to hold a license, the individual did "not fit the statutory definition of a teacher" for purposes of making a continuing-contract determination. *Id.* at 210. *Cloud* specifically agreed with the school district that a license requirement was necessary to establish "teacher" status even if the employee's actual job functions included classroom instruction, noting that cases that were based on job functions were applying the tenure statute—not the continuing-contract statute.[1] *Id.* at 210–11.

*Cloud* also clarified that the licensure requirement referred to in the statute equates to state regulations mandating licensure, not position qualifications set by the district. *Id.* at 209–10 (analyzing Minnesota rules to determine whether state required license for teaching position). To find otherwise would enable school districts to create continuing-con-

---

1. In *Cloud,* this court observed that the continuing-contract statute's definition of "teacher" was similar to that in the Public Employment Labor Relations Act (PELRA). 508 N.W.2d at 210. The court noted that the supreme court had reversed a decision relied on by the claimant that interpreted "teacher" under PELRA on the ground that licensure was explicitly required by PELRA. *Id.* (discussing *Hibbing Educ. Ass'n v. Pub. Employment Relations Bd.,* 369 N.W.2d 527 (Minn.

1985)). Although *Cloud* noted that the tenure statute looks to the employee's job functions, it made clear that the continuing-contract statute was different in its "teacher" definition and therefore called for a different standard. *Id.* The court then concluded that, even if a license was required, the claimant was not a "classroom teacher" as also required under the "teacher" definition. *Id.* at 211.

tract rights where none exist by statute. *See Bd. of Educ. of Minneapolis v. Sand,* 227 Minn. 202, 211, 34 N.W.2d 689, 695 (1948) ("Estoppel cannot be involved to confer upon a political subdivision of the state governmental power otherwise lacking."). Thus, respondent's hiring qualification that its activities director have a certain license does not answer our inquiry. Rather, Emerson is a "teacher" under the continuing-contract statute, Minn.Stat. § 122A.40, only if MDE requires that an activities director be licensed.[2] Because the parties agree that MDE does not mandate that activities directors hold licenses, we conclude that Emerson did not complete three probationary "teacher" years and is not entitled to continuing-contract rights.

We note that respondent complains that Emerson has continued to seek arbitration on this matter, although it is unclear exactly what type of judicial remedy respondent requests. Because respondent did not file a notice of review, we only address issues identified in relator's notice of appeal. *Nordling v. N. States Power Co.,* 465 N.W.2d 81, 87 (Minn.App.1991), *rev'd,* 478 N.W.2d 498 (Minn.1991); *see In re Cont'l Tel. Co.,* 358 N.W.2d 400, 404 (Minn.App. 1984) (noting that on certiorari appeal, respondent may raise additional issues by filing notice of review), *aff'd in part, rev'd in part,* 389 N.W.2d 910 (Minn.1986).[3] We thus do not address respondent's arbitration issue.

## DECISION

Because Emerson was not a continuing-contract employee, respondent's decision to terminate and not renew his contract was not an error of law.

**Affirmed.**

---

**2.** We acknowledge that, even if the MDE requires licensure for the position, section 122A.40 may secondarily call for review of the job functions because the employee must also be a "principal, supervisor, ... classroom teacher, [or] any other professional employee" to qualify as a "teacher." Minn.Stat. § 122A.40, subd. 1. *Cloud* conducted this secondary analysis when it concluded the relator in that case was not a "classroom teacher" or "supervisor." 508 N.W.2d at 211 (interpreting Minn.Stat. § 125.12, subd. 1 (1992) (precursor statute to section 122A.40 (2008)).

**3.** Minn. R. Civ. App.P. 103.02, amended in 2009 and effective in 2010, now provides the procedure for a respondent to file a "notice of related appeal" after any party has filed an original notice of appeal. This procedure replaced the "notice of review" procedure formerly established by rule 106. Minn. R. Civ. App.P. 103.02 2009 advisory comm. note.